Cecilia **LOPEZ LOPEZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–71589.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Cecilia Lopez Lopez, Compton, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Cecilia Lopez Lopez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal for failure to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). Lopez Lopez contends that the denial of relief on account of her return to Mexico in 1993 violated her rights to due process and equal protection. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Lopez Lopez testified that she went to Mexico in July 1993. When she attempted to return to the United States in August 1993, INS officers arrested her, took her into custody, and photographed her. She did not recall whether they fingerprinted her. She "agree[d] to leave the United States voluntarily," and she was taken back to Tijuana.

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). When an alien is simply "turned around at the border" by immigration officials, however, his departure does not interrupt his continuous physical presence. *Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005) (finding no interruption even when alien was fingerprinted and information about his attempted entry was entered into government's computer database).

This is a pre-*Tapia* case. On the record before us, we cannot determine whether Lopez Lopez received administrative voluntary departure under threat of deportation or removal. We therefore grant the petition and remand for further proceedings concerning the nature of Lopez Lopez's contacts with immigration officials in 2000. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.